45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derrick R. PARKHURST, Plaintiff-Appellant,
v.
Patrick ANDERSON, individually, Assistant Wyoming Attorney
General, in his official capacity, also known as Patrick M.
Anderson, Duane Shillinger, individually, Wyoming Department
of Corrections State Penitentiary Warden, in his official
capacity, Defendants-Appellees.
 No. 94-8076.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the plaintiff's request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Derrick R. Parkhurst initiated this 42 U.S.C.1983 case against defendants Patrick M. Anderson, an assistant attorney general for the State of Wyoming, and Duane Shillinger, warden of the Wyoming State Penitentiary, alleging that they violated plaintiff's constitutional rights of access to the courts. Those defendants filed letters or affidavits with the court contending that plaintiff misrepresented his financial condition in filing lawsuits in forma pauperis. They supported their allegations by referencing plaintiff's own statements that he had $4,000 worth of property that he was ordered to divest himself of in connection with another case he filed, and by showing the activity in plaintiff's inmate account where he had credits exceeding $2,000 during a twelve-month period. Plaintiff claims that defendants misrepresented the facts because at least defendant Anderson "knew or should have known that plaintiff was acting as a financial intermediary for other prisoners during the period of time in question." I R. tab 1 at 3a.
 
 
 3
 We can add little to the analysis of the district court in its order of June 28, 1994, and we AFFIRM its dismissal of plaintiff's complaint for substantially the reasons stated therein.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470